IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES O'REILLY,<br><br>                               Plaintiff,<br><br>-against-<br><br>GENERAL MOTORS LLC, GENERAL MOTORS HOLDING CORPORATION, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, GENERAL MOTORS TREASURY CENTER, LLC, BROOKLYN AC-DELCO, INC., and ACDELCO,<br><br>                               Defendants. | Civil Action No.: 1-20-cv-1238 |

## NOTICE OF AND PETITION FOR REMOVAL

### TO THE HONORAL CHIEF JUDGE AND JUDGED OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332,1441 and 1446, defendant, General Motors LLC ("GM LLC"), hereby files this Notice of and Petition for Removal and removes to this Court from the state-court action described in Paragraph 1 below and filed by Plaintiff James O'Reilly, and in support thereof avers as follows:

### Introduction

1. The above-captioned action was commenced against GM LLC on or about January 30, 2020, in the Supreme Court of the State of New York, County of Queens. A true and correct copy of the Complaint and Summons is attached as Exhibit "A."

2. The Summons and Complaint were received on **February 7, 2020**, by GM LLC at a facility in Michigan not authorized to receive service.

{V0650892.1}

3. Nonetheless, this Notice of Removal is filed within 30 days after GM LLC received the Summons and Complaint, pursuant to 28 U.S.C. § 1446(b).

4. No further proceedings have been had in the Supreme Court of the State of New York, County of Queens, in connection with the above-captioned action.

5. The above-captioned action is a civil action alleging product liability allegations against the defendants.

6. Specifically, Plaintiff alleges that on or about March 18, 2019, while moving a battery, he was caused to be injured, "without proper warning, due to the hazardous, dangerous and negligent manufacture, design and maintenance of the (sic) product known by the name of 'AC Delco battery.'" *See* Ex. A, at ¶116.

7. Plaintiff claims "defendants violated implied and express warranties of merchantability, are liable under strict products liability, and defendants were also negligent and reckless in the improper manufacture, design, maintenance, operation and distribution" of the AC Delco Battery. *Id.*, at ¶117.

### Facts Supporting Removal - Diversity of Citizenship

8. **Plaintiff** is a citizen of the State of **New York**. *See* Ex. A, at ¶ 1.

9. **General Motors LLC** is a Limited Liability Company organized and existing under the laws of Delaware, with its principal place of business in Wayne County, Michigan. See ¶ 5 of the Affidavit of Rick Hansen, sworn to March 6, 2020 ("Hansen Aff."), attached as Exhibit "B."

10. **General Motors Holdings LLC** holds 100% of the ownership interest in General Motors LLC.

11. **General Motors Holdings LLC** is a Delaware Limited Liability Company with its principal place of business located in Michigan.

12. "General Motors Holding Corporation" is now an unknown legal entity. *See* ¶ 4 of Hansen Aff.

13. **General Motors Company** holds 100% of the ownership interest in General Motors Holdings LLC.

14. **General Motors Company** is a corporation organized and existing under the laws of Delaware, with its principal place of business located in Michigan. General Motors Company is a holding company that has no automotive business operations and does not design, manufacture, or sell automobiles. *See* ¶ 3 of Hansen Aff.

15. Neither **"AC Delco"** nor **"Brooklyn AC-Delco"** are legal entities. They fall under the umbrella of General Motors LLC. *See* ¶ 6 of Hansen Aff.

16. **General Motors Overseas Distribution LLC** is a Delaware Limited Liability Company with its principal place of business located in Wayne County, Michigan, and not involved in the business of designing, manufacturing or distributing automotive components such as AC Delco batteries. *See* ¶ 7 of Hansen Aff.

17. **General Motors Treasury Center, LLC** is a Delaware Limited Liability Company with its principal place of business located in Wayne County, Michigan, and not involved in the business of designing, manufacturing or distributing automotive components such as AC Delco batteries. *See* ¶ 9 of Hansen Aff.

18. For purposes of removal the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C.S. § 1441(b)(1).

19. Therefore, the diverse defendants are not citizens of the same state as plaintiff, and this matter involves "citizens of different States." *See* 28 U.S.C. § 1441(b).

20. Upon information and belief, no defendant objects to the removal of this matter.

**The Fraudulent Joinder of General Motors Investment Corporation**

21. The fraudulent joinder doctrine is premised on "[i]t has long been 'established that the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy.'" Thus, 'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'" *St. Paul Fire and Marine Insurance Company v. Universal Builders Supply*, 409 F. 3d 73, 80 (2d Cir. 2005) (citations omitted).

22. To establish fraudulent joinder, a defendant must demonstrate by clear and convincing evidence "[t]here is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the nondiverse defendant in state court." *Pampillonia v. RJRNabisco, Inc.*, 138 F. 3d 459,461 (2d Cir. 1998); see also Segal v. Firtash, No. 13-CV-7818 (RJS), 2014 WL 4470426, at *3 (S.D.N.Y. Sept. 9, 2014) ("The doctrine of fraudulent joinder prevents a plaintiff from 'defeat[ing] a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy.' If a removing defendant can prove that the non-diverse party was fraudulently joined, the federal court will retain jurisdiction over the removed action so long as 'the requirements of jurisdiction are otherwise met.' Although the doctrine is generally invoked in cases in which plaintiffs join non-diverse parties as defendants, courts have also applied it in cases in which non-diverse parties join as plaintiffs.").

23. A plaintiff cannot avoid jurisdiction by pleading a bare-bones complaint, as "the court may look outside the pleadings to determine whether to apply the fraudulent joinder doctrine." *CMS Volkswagen Holdings, LLC v. Volkswagen Group of America, Inc.*, No. 13-CV-03929 (NSR), 2013 WL 6409487, at *4 (S.D.N.Y. Dec. 6, 2013).

24. **General Motors Investment Management Corporation** ("GMIMC") is a Delaware corporation with its principal place of business located in **New York, New York**.

25. GMIMC is an investment manager that manages the pension assets of certain General Motors employee benefit plans. *See* ¶ 8 of Hansen Aff.

26. GMIMC is not involved in the business of designing, manufacturing or distributing automotive components, such as AC Delco batteries. *Id*.

27. GMIMC was fraudulently joined. There is no possibility of recovery against GMIMC and its presence should be disregarded. *See Joseph v. Yenkin Majestic Paint Corp.*, 261 A.D.2d 512, 512, 690 N.Y.S.2d 611 (2d Dep't 1999) ("Liability may not be imposed for breach of warranty or strict products liability upon a party that is outside the manufacture, selling, or distribution chain.").

### Amount in Controversy

28. Plaintiff alleges "that solely as a result of the [subject incident he] was caused to sustained severe and permanent personal injuries." See Ex. A, at ¶134.

29. Plaintiff alleges that "as a result of the foregoing, [he] was rendered sick, sore, lame and disabled, was seriously and permanently injured, has suffered injuries both internal and external, pain and mental anguish, was compelled to seek care and attention and, upon information and belief, will in the future (sic) compelled to seek case (sic) and attention; sustained property

damage; was prevented from following his usual vocation and/or avocation; and was otherwise injured and damaged." Id., at ¶135.

30. Based upon the allegations of Plaintiff's Complaint, the amount in controversy between Plaintiffs and Defendants exceeds the sum of **$75.000.00** (Seventy-Five Thousand Dollars), exclusive of interest and costs. The amount in controversy burden has been met when "it appears to a 'reasonable probability' that the claim is in excess of statutory jurisdictional amount." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 814 n.5 (2d Cir. 2014). *See Noguera v. Bedard*, No. 11-CV-4893, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011).

31. Given the injuries and allegations involved, plaintiff's claims therefore exceed the amount in controversy of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and thus satisfies the threshold for federal diversity jurisdiction. 28 U.S.C. § 1332(a) and § 1441(a).

## Removal is Proper

32. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1322, in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states for diversity purposes. The above-captioned action may, therefore, be removed pursuant to 28 U.S.C. § 1441(a).

33. Venue in the Eastern District of New York is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action is pending.

34. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is being

filed with the Supreme Court of the State of New York, County of Queens. A true and correct copy of that Notice is attached hereto as Exhibit "C."

35. Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders are attached hereto as exhibits.

**WHEREFORE**, Defendant, General Motors LLC, prays for removal of the above-captioned action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

Dated: White Plains, New York
       March 6, 2020

                              Respectfully Submitted,

                              s/
                              Steven R. Kramer, Esq.
                              ECKERT SEAMANS CHERIN & MELLOTT, LLC
                              *Attorneys for Defendant*
                              *GENERAL MOTORS LLC*
                              10 Bank Street, Suite 700
                              White Plains, NY 10606
                              (914) 949-2909
                              Fax: (914) 949-5424
                              skramer@eckertseamans.com