# EXHIBIT "A"

⑤ 2-7-2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Date Filed: 1|30|2020

------------------------------------------------------------------X

Index No.: 701667|2020

JAMES O'REILLY,

                                  Plaintiff,

         -against-

GENERAL MOTORS LLC, GENERAL MOTORS
HOLDING CORPORATION, GENERAL MOTORS
OVERSEAS DISTRIBUTION LLC, GENERAL
MOTORS INVESTMENT MANAGEMENT
CORPORATION, GENERAL MOTORS TREASURY
CENTER, LLC, BROOKLYN AC-DELCO, INC., and
ACDELCO,

                               Defendants.

------------------------------------------------------------------X

**PLAINTIFF
DESIGNATES QUEENS
COUNTY AS THE
PLACE OF TRIAL**

**SUMMONS**

THE BASIS OF VENUE
IS PLAINTIFF'S
RESIDENCE IN QUEENS
COUNTY

TO THE ABOVE NAMED DEFENDANT(S):

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to

serve a copy of your answer on the Plaintiff's attorney within 20 days after the service of this

summons, or within 30 days after service of this summons is complete if this summons is not

personally delivered to you within the State of New York.

        In case of your failure to answer this summons, a judgment by default will be taken

against you for the relief demanded in the complaint, together with the interest, costs and/or

disbursements of this action.

Dated:  New York, NY
        January 29, 2020

                           KUBICK & ASSOCIATES, P.C.
                           32 Broadway, Suite 1514
                           New York, NY 10004
                           212.684.7541

TO:

GENERAL MOTORS LLC
*Via Secretary of State*

GENERAL MOTORS HOLDING CORPORATION
*Via Secretary of State*

GENERAL MOTORS OVERSEAS DISTRIBUTION LLC
*Via Secretary of State*

GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION
*Via Secretary of State*

GENERAL MOTORS TREASURY CENTER, LLC
*Via Secretary of State*

BROOKLYN AC-DELCO, INC.
*Via Secretary of State*

ACDELCO
6200 Grand Point Drive
Grand Blanc Township, MI 48439

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: 701667/2020

-------------------------------------------------------------------X

JAMES O'REILLY,

**VERIFIED**
**COMPLAINT**

Plaintiff,

-against-

GENERAL MOTORS LLC, GENERAL MOTORS
HOLDING CORPORATION, GENERAL MOTORS
OVERSEAS DISTRIBUTION LLC, GENERAL
MOTORS INVESTMENT MANAGEMENT
CORPORATION, GENERAL MOTORS TREASURY
CENTER, LLC, BROOKLYN AC-DELCO, INC., and
ACDELCO,

Defendants.

-------------------------------------------------------------------X

Plaintiff, JAMES O'REILLY, as and for his Complaint, by his attorneys, **KUBICK &**
**ASSOCIATES, P.C.**, respectfully alleges, upon information and belief, as follows:

1. Plaintiff was and still is a resident of the County of Queens, City and State of New York.

2. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and
   still is a domestic business corporation duly authorized to do business in the State of New
   York.

3. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and
   still is a domestic business corporation duly organized and existing under and pursuant to
   the laws of the State of New York.

4. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and
   still is a foreign business corporation duly authorized to do business in the State of New
   York.

5. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and

still is a foreign business corporation duly organized and existing under and pursuant to the laws of a state other than the State of New York.

6. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a domestic limited liability company duly authorized to do business in the State of New York.

7. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a domestic limited liability company duly organized and existing under and pursuant to the laws of the State of New York.

8. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a foreign limited liability company duly authorized to do business in the State of New York.

9. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a foreign limited liability company duly organized and existing under and pursuant to the laws of a state other than the State of New York.

10. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a domestic limited liability partnership duly authorized to do business in the State of New York.

11. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a domestic limited liability partnership duly organized and existing under and pursuant to the laws of the State of New York.

12. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a foreign limited liability partnership duly authorized to do business in the State of

New York.

13. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a foreign limited liability partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

14. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a domestic limited partnership duly authorized to do business in the State of New York.

15. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a domestic limited partnership duly organized and existing under and pursuant to the laws of the State of New York.

16. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a foreign limited partnership duly authorized to do business in the State of New York.

17. That at all times herein mentioned the Defendant, GENERAL MOTORS LLC, was and still is a foreign limited partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

18. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a domestic business corporation duly authorized to do business in the State of New York.

19. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a domestic business corporation duly organized and existing under and pursuant to the laws of the State of New York.

20. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a foreign business corporation duly authorized to do business in the State of New York.

21. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a foreign business corporation duly organized and existing under and pursuant to the laws of a state other than the State of New York.

22. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a domestic limited liability company duly authorized to do business in the State of New York.

23. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a domestic limited liability company duly organized and existing under and pursuant to the laws of the State of New York.

24. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a foreign limited liability company duly authorized to do business in the State of New York.

25. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a foreign limited liability company duly organized and existing under and pursuant to the laws of a state other than the State of New York.

26. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a domestic limited liability partnership duly authorized to do business in the State of New York.

27. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING

CORPORATION, was and still is a domestic limited liability partnership duly organized and existing under and pursuant to the laws of the State of New York.

28. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a foreign limited liability partnership duly authorized to do business in the State of New York.

29. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a foreign limited liability partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

30. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a domestic limited partnership duly authorized to do business in the State of New York.

31. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a domestic limited partnership duly organized and existing under and pursuant to the laws of the State of New York.

32. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a foreign limited partnership duly authorized to do business in the State of New York.

33. That at all times herein mentioned the Defendant, GENERAL MOTORS HOLDING CORPORATION, was and still is a foreign limited partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

34. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a domestic business corporation duly authorized

to do business in the State of New York.

35. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a domestic business corporation duly organized and existing under and pursuant to the laws of the State of New York.

36. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a foreign business corporation duly authorized to do business in the State of New York.

37. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a foreign business corporation duly organized and existing under and pursuant to the laws of a state other than the State of New York.

38. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a domestic limited liability company duly authorized to do business in the State of New York.

39. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a domestic limited liability company duly organized and existing under and pursuant to the laws of the State of New York.

40. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a foreign limited liability company duly authorized to do business in the State of New York.

41. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a foreign limited liability company duly organized and existing under and pursuant to the laws of a state other than the State of

New York.

42. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a domestic limited liability partnership duly authorized to do business in the State of New York.

43. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a domestic limited liability partnership duly organized and existing under and pursuant to the laws of the State of New York.

44. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a foreign limited liability partnership duly authorized to do business in the State of New York.

45. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a foreign limited liability partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

46. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a domestic limited partnership duly authorized to do business in the State of New York.

47. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a domestic limited partnership duly organized and existing under and pursuant to the laws of the State of New York.

48. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS DISTRIBUTION LLC, was and still is a foreign limited partnership duly authorized to

do business in the State of New York.

49. That at all times herein mentioned the Defendant, GENERAL MOTORS OVERSEAS
    DISTRIBUTION LLC, was and still is a foreign limited partnership duly organized and
    existing under and pursuant to the laws of a state other than the State of New York.

50. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT
    MANAGEMENT CORPORATION, was and still is a domestic business corporation
    duly authorized to do business in the State of New York.

51. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT
    MANAGEMENT CORPORATION, was and still is a domestic business corporation
    duly organized and existing under and pursuant to the laws of the State of New York.

52. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT
    MANAGEMENT CORPORATION, was and still is a foreign business corporation duly
    authorized to do business in the State of New York.

53. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT
    MANAGEMENT CORPORATION, was and still is a foreign business corporation duly
    organized and existing under and pursuant to the laws of a state other than the State of
    New York.

54. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT
    MANAGEMENT CORPORATION, was and still is a domestic limited liability company
    duly authorized to do business in the State of New York.

55. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT
    MANAGEMENT CORPORATION, was and still is a domestic limited liability company

duly organized and existing under and pursuant to the laws of the State of New York.

56. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, was and still is a foreign limited liability company duly authorized to do business in the State of New York.

57. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, was and still is a foreign limited liability company duly organized and existing under and pursuant to the laws of a state other than the State of New York.

58. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, was and still is a domestic limited liability partnership duly authorized to do business in the State of New York.

59. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, was and still is a domestic limited liability partnership duly organized and existing under and pursuant to the laws of the State of New York.

60. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, was and still is a foreign limited liability partnership duly authorized to do business in the State of New York.

61. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, was and still is a foreign limited liability partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

62. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, was and still is a domestic limited partnership duly authorized to do business in the State of New York.

63. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, was and still is a domestic limited partnership duly organized and existing under and pursuant to the laws of the State of New York.

64. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, was and still is a foreign limited partnership duly authorized to do business in the State of New York.

65. That at all times herein mentioned the Defendant, GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION, was and still is a foreign limited partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

66. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a domestic business corporation duly authorized to do business in the State of New York.

67. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a domestic business corporation duly organized and existing under and pursuant to the laws of the State of New York.

68. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a foreign business corporation duly authorized to do business in the State of New York.

69. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a foreign business corporation duly organized and existing under and pursuant to the laws of a state other than the State of New York.

70. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a domestic limited liability company duly authorized to do business in the State of New York.

71. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a domestic limited liability company duly organized and existing under and pursuant to the laws of the State of New York.

72. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a foreign limited liability company duly authorized to do business in the State of New York.

73. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a foreign limited liability company duly organized and existing under and pursuant to the laws of a state other than the State of New York.

74. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a domestic limited liability partnership duly authorized to do business in the State of New York.

75. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a domestic limited liability partnership duly organized and existing under and pursuant to the laws of the State of New York.

76. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY

CENTER, LLC, was and still is a foreign limited liability partnership duly authorized to do business in the State of New York.

77. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a foreign limited liability partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

78. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a domestic limited partnership duly authorized to do business in the State of New York.

79. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a domestic limited partnership duly organized and existing under and pursuant to the laws of the State of New York.

80. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a foreign limited partnership duly authorized to do business in the State of New York.

81. That at all times herein mentioned the Defendant, GENERAL MOTORS TREASURY CENTER, LLC, was and still is a foreign limited partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

82. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a domestic business corporation duly authorized to do business in the State of New York.

83. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a domestic business corporation duly organized and existing under and

pursuant to the laws of the State of New York.

84. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a foreign business corporation duly authorized to do business in the State of New York.

85. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a foreign business corporation duly organized and existing under and pursuant to the laws of a state other than the State of New York.

86. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a domestic limited liability company duly authorized to do business in the State of New York.

87. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a domestic limited liability company duly organized and existing under and pursuant to the laws of the State of New York.

88. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a foreign limited liability company duly authorized to do business in the State of New York.

89. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a foreign limited liability company duly organized and existing under and pursuant to the laws of a state other than the State of New York.

90. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a domestic limited liability partnership duly authorized to do business in the State of New York.

91. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a domestic limited liability partnership duly organized and existing under and pursuant to the laws of the State of New York.

92. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a foreign limited liability partnership duly authorized to do business in the State of New York.

93. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a foreign limited liability partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

94. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a domestic limited partnership duly authorized to do business in the State of New York.

95. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a domestic limited partnership duly organized and existing under and pursuant to the laws of the State of New York.

96. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a foreign limited partnership duly authorized to do business in the State of New York.

97. That at all times herein mentioned the Defendant, BROOKLYN AC-DELCO, INC., was and still is a foreign limited partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

98. That at all times herein mentioned the Defendant, ACDELCO, was and still is a domestic

business corporation duly authorized to do business in the State of New York.

99. That at all times herein mentioned the Defendant, ACDELCO, was and still is a domestic business corporation duly organized and existing under and pursuant to the laws of the State of New York.

100. That at all times herein mentioned the Defendant, ACDELCO, was and still is a foreign business corporation duly authorized to do business in the State of New York.

101. That at all times herein mentioned the Defendant, ACDELCO, was and still is a foreign business corporation duly organized and existing under and pursuant to the laws of a state other than the State of New York.

102. That at all times herein mentioned the Defendant, ACDELCO, was and still is a domestic limited liability company duly authorized to do business in the State of New York.

103. That at all times herein mentioned the Defendant, ACDELCO, was and still is a domestic limited liability company duly organized and existing under and pursuant to the laws of the State of New York.

104. That at all times herein mentioned the Defendant, ACDELCO was and still is a foreign limited liability company duly authorized to do business in the State of New York.

105. That at all times herein mentioned the Defendant, ACDELCO, was and still is a foreign limited liability company duly organized and existing under and pursuant to the laws of a state other than the State of New York.

106. That at all times herein mentioned the Defendant, ACDELCO, was and still is a

domestic limited liability partnership duly authorized to do business in the State of New York.

107.     That at all times herein mentioned the Defendant, ACDELCO, was and still is a domestic limited liability partnership duly organized and existing under and pursuant to the laws of the State of New York.

108.     That at all times herein mentioned the Defendant, ACDELCO, was and still is a foreign limited liability partnership duly authorized to do business in the State of New York.

109.     That at all times herein mentioned the Defendant, ACDELCO, was and still is a foreign limited liability partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

110.     That at all times herein mentioned the Defendant, ACDELCO, was and still is a domestic limited partnership duly authorized to do business in the State of New York.

111.     That at all times herein mentioned the Defendant, ACDELCO, was and still is a domestic limited partnership duly organized and existing under and pursuant to the laws of the State of New York.

112.     That at all times herein mentioned the Defendant, ACDELCO, was and still is a foreign limited partnership duly authorized to do business in the State of New York.

113.     That at all times herein mentioned the Defendant, ACDELCO, was and still is a foreign limited partnership duly organized and existing under and pursuant to the laws of a state other than the State of New York.

114.     That at all times herein mentioned, Defendants, and or either of them, were and

still are business entities authorized to do business in the State of New York.

115.     That at all times herein mentioned, Defendants, and/or either of them, conducted

business in the State of New York, including the manufacture, design, labeling,

distribution, marketing, operation, maintenance and sale of its products, including that at

issue herein, including the product known as "ACDelco Battery", that Plaintiff utilized

herein.

116.     On or about March 18, 2019, Plaintiff, while moving a battery (also known as

"ACDelco Battery"), at the premises located at 535 Morgan Avenue, Brooklyn, New

York (also known as "AutoZone"), was caused to be injured, without proper warning,

due to the hazardous, dangerous and negligent manufacture, design and maintenance of

the product known by the name of "ACDelco Battery."

117.     That at all times herein mentioned, Defendants, and/or either of them, caused the

Plaintiff to be injured as Defendants violated implied and express warranties of

merchantability, are liable under strict products liability, and Defendants were also

negligent and reckless in the improper manufacture, design, maintenance, operation and

distribution of a product known as "ACDelco Battery", all causing the Plaintiff to sustain

personal injury.

118.     That at all times hereinafter mentioned, Defendants, and/or either of them, had a

duty to maintain, control, manage and repair the aforesaid premises, in a proper, good,

reasonable and safe condition, free of dangerous and defective conditions, objects,

equipment and products.

119.     The above-referenced premises and equipment/products were owned, maintained,

managed, supervised, inspected or repaired by a party not name as a Defendant herein.

120.    That all times hereinafter mentioned, Defendants, and/or either of them, manufactured a battery labeled as and known by the name of "ACDelco Battery".

121.    That at all times hereinafter mentioned, Defendants, and/or either of them, and/or either of them, designed a battery labeled as and known by the name of "ACDelco Battery".

122.    That at all times hereinafter mentioned, Defendants, and/or either of them, labeled a battery known by the name of "ACDelco Battery".

123.    That at all times hereinafter mentioned, Defendants, and/or either of them, distributed a battery labeled as and known the name of "ACDelco Battery".

124.    That at all times hereinafter mentioned, Defendants, and/or either of them, maintained, controlled, and managed the manufacture, design, labeling and distribution of a battery labeled as and known the name of "ACDelco Battery".

125.    That at all times hereinafter mentioned, Defendants, and/or either of them, had a duty to monitor, control, and manage the manufacture, design, maintenance, labeling and distribution of the battery, including but not limited to the handle apparatus, labeled as and known the name of "ACDelco Battery" in a proper, good, reasonable and safe condition, free of dangerous and defective conditions.

126.    On or about March 18, 2019, Plaintiff lawfully moved the battery labeled as and known by the name of "ACDelco Battery".

127.    On March 18, 2019, Plaintiff was caused to be injured due to the dangerous and hazardous conditions presented by the battery labeled as and known by the name of

"ACDelco Battery", which caused the Plaintiff to be injured, without adequate warning.

128.     The aforementioned occurred solely as a result of the negligence, carelessness and recklessness of the Defendants, and/or either of them, their agents, servants and/or employees due to hazardous and dangerous product labeled and known by the name of "ACDelco Battery", and the Defendants caused the Plaintiff to be injured as Defendants violated implied and express warranties of merchantability, is liable under strict products liability, and Defendants were also negligent and reckless in the improper manufacture, design, labeling and distribution of a product known as "ACDelco Battery", all causing the Plaintiff to sustain personal injury.

129.     At all times herein mentioned, Defendants, and/or either of them, caused, suffered, and permitted the above-referenced battery known as "ACDelco Battery" to be, become and remain in its dangerous condition, failed to give notice or warning thereof, and had actual and constructive notice of the foregoing, thereby causing plaintiff's injuries.

130.     That the Defendants, thirty (30) days or more prior to the event complained of, had actual written notice in whole or in part of the defective product conditions which caused and contributed to the occurrence.

131.     That actual written notice of the defective product conditions complained of is not a condition precedent to the commencement of this action as the Defendants, and/or either of them, were negligent in creating said product conditions.

132.     This action falls within one of the exceptions contained in Article 16 of the CPLR.

133.     As a result of the foregoing, Plaintiff has been damaged by Defendants, and/or either

of them, in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

134.    That solely as a result of the foregoing Plaintiff was caused to sustain severe and permanent personal injuries.

135.    As a result of the foregoing, Plaintiff was rendered sick, sore, lame and disabled, was seriously and permanently injured, has suffered injuries both internal and external, pain and mental anguish, was compelled to seek care and attention and, upon information and belief, will in the future compelled to seek case and attention; sustained property damage; was prevented from following his usual vocation and/or avocation; and was otherwise injured and damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.


Dated:  New York, NY
        January 29, 2020


                        KUBICK & ASSOCIATES, P.C.
                        32 Broadway, Suite 1514
                        New York, NY 10004
                        212.684.7541

## ATTORNEY VERIFICATION

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York affirms:  that the undersigned is the attorney for the Plaintiff in the within action; that the undersigned has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof; that the same is true to her knowledge, except as to those matters therein stated upon information and belief, and that as to those matters, she believes them to be true.  The undersigned further says that the reason this affirmation is made by the undersigned, and not by the Plaintiff is that the undersigned's offices are located in a County other than where Plaintiff resides.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
        January 29, 2020

TONI KONG

 

# NYSCEF - Queens County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 01/30/2020 12:45 PM. Please keep this notice as a confirmation of this filing.

**Index Number NOT assigned**
**James O'Reilly v. General Motors LLC et al**
**Assigned Judge: None Recorded**

## Documents Received on   01/30/2020 12:45 PM

| Doc # | Document Type |
|-------|---------------|
| 1 | SUMMONS + COMPLAINT |

## Filing User

Richard Anton Kubick | rkubick@kubicklaw.com | 2126847541
32 Broadway Suite 1514, New York, NY 10005

## E-mail Notifications

An email regarding this filing has been sent to the following on 01/30/2020 12:45 PM:

**RICHARD A. KUBICK - rkubick@kubicklaw.com**

---

**Audrey I. Pheffer, Queens County Clerk and Clerk of the Supreme Court - apheffer@nycourts.gov**
Phone: 718-298-0173, 718-298-0601    Website: https://www.nycourts.gov/COURTS/11jd/queensclerk

**NYSCEF Resource Center, EFile@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

 

# NYSCEF - Queens County Supreme Court
# Confirmation Notice

**Index Number NOT assigned**
**James O'Reilly v. General Motors LLC et al**
**Assigned Judge: None Recorded**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Respondent | General Motors LLC | No consent on record. |
| Respondent | General Motors Holding Corporation | No consent on record. |
| Respondent | General Motors Overseas Distribution LLC | No consent on record. |
| Respondent | General Motors Investment Management Corporation | No consent on record. |
| Respondent | General Motors Treasury Center, LLC | No consent on record. |
| Respondent | Brooklyn AC-Delco, Inc. | No consent on record. |
| Respondent | ACDelco | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Audrey I. Pheffer, Queens County Clerk and Clerk of the Supreme Court - apheffer@nycourts.gov**
Phone: 718-298-0173, 718-298-0601      Website: https://www.nycourts.gov/COURTS/11jd/queensclerk

**NYSCEF Resource Center, EFile@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
-----------------------------------------------------------------------x

JAMES O'REILLY

                    Plaintiff/Petitioner,

        - against -                                        Index No.   701667/2020

GENERAL MOTORS LLC, et al.

                    Defendant/Respondent.
-----------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

>       1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
>       New York State Courts E-filing system ("NYSCEF"), and

>       2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your**
  **documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a**
  **scanner or other device to convert documents into electronic format, a connection**
  **to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:   January 30, 2020
_____

Richard Kubick, Esq.
_____
Name

Kubick & Associates, P.C.
_____
Firm Name

Kubick & Associates
Attorneys at Law
_____
Address

212.684.7541
_____
Phone

rkubick@kubicklaw.com
_____
E-Mail

32 Broadway, Suite 1514

To:   _____

_____

_____

6/6/18

Index  #                              Page 2  of 2                              EFM-1